﻿Citation Nr: AXXXXXXXX
Decision Date: 11/20/18 Archive Date: 11/19/18

DOCKET NO. 180913-282
DATE: November 20, 2018
REMANDED
Entitlement to service connection for a lumbar spine disability is remanded.
REASONS FOR REMAND
The Veteran had active service from March 5, 1971 to April 12, 1971.
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program RAMP, the Rapid Appeals Modernization Program.
On May 3, 2018, the Veteran selected the Higher-Level Review lane when he submitted his RAMP election form. Accordingly, the August 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed the August 2018 RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Initially, the Board acknowledges that in its August 2018 rating decision, the AOJ recognized that the Veteran’s back claim had been previously denied, but determined that “new and relevant” evidence had been received sufficient for readjudication of the claim on its merits. The Board is bound by this favorable finding. 
Here, the issue of entitlement to service connection for a lumbar spine disability is remanded to correct a duty to assist error that occurred prior to the August 2018 rating decision on appeal. Although the Veteran’s claim was previously denied based on a finding that the Veteran’s back disability preexisted service and was not aggravated therein, the evidence that the AOJ recognized as “new and relevant” in its August 2018 decision included low back diagnoses that are different than those previously considered to be preexisting by prior examiners. Indeed, the AOJ noted as a favorable finding that St. Louis VA Medical Center treatment reports dated in 2011 confirmed MRI findings of a posterior bulging disc, degenerative disc disease, old compression fracture, and degenerative arthritis of the spine. Yet, in denying the claim, the AOJ simply determined that the evidence does not show the Veteran’s preexisting condition of “lumbosacral sprain” was aggravated beyond its natural progression during military service, or that other disabilities (claimed as residuals of a fractured vertebrae) were incurred in, or caused by military service. As the Veteran’s service treatment records document treatment for back pain after an in-service injury, a medical opinion is necessary to address whether any of the Veteran’s lumbar spine disabilities can be either directly related to this injury, or if preexisting, were aggravated during service. 
The matter is REMANDED for the following action:
1. Schedule the Veteran for a VA back examination. Any indicated evaluations, studies, and tests should be conducted. The examiner should address the following:
(a.) Identify all current low back/lumbar spine disabilities.
(b.) For each disability, the examiner should state whether such condition is congenital in nature. If so, please discuss whether such is more properly classified as a congenital disease or a congenital defect. For VA purposes, a defect differs from a disease in that the former is “more or less stationary in nature” whereas the latter is “capable of improving or deteriorating.” Quirin v. Shinkseki, 22 Vet. App. 390, 394 (2009); VAOPGCPREC 82-90 (July 18, 1990).
(c.) If any low back/lumbar spine disability is considered to be either a congenital disease or an acquired disease, please answer the following as to each disability: 
1. Is it clear and unmistakable (i.e., manifest, obvious, or undebatable) that the disability existed prior to the Veteran’s entry into service?
2. If so, is it also clear and unmistakable (i.e., manifest, obvious, or undebatable) that such disability was NOT aggravated beyond its natural progression during service?
3. If the answer to either question (a) or (b) is “no,” please assume as true that the Veteran entered service without that low back disability. With this assumption in mind, please then determine whether it is at least as likely as not (50 percent or greater probability) that the lumbar spine disability had onset in, or is otherwise related to his period of active service, to specifically include the documented instances of low back injury in service. 
(d.) If any low back/lumbar spine disability is considered to be a congenital defect, please indicate as much and explain how the conclusion was reached. 
 
V. Chiappetta
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD Polly Johnson, Associate Counsel